# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LAMBERT,<br><br>        Plaintiff,<br><br>v.<br><br>CON-WAY FREIGHT, INC. and DOES 1 through 50, inclusive,<br><br>        Defendants. | 1: 08-cv-01877 GSA<br><br>SCHEDULING ORDER (Fed.R.Civ.P 16)<br><br>Discovery Deadlines:<br>    Non-Expert: July 1, 2009<br>    Expert Disclosures: August 14, 2009<br>    Supp. Expert Discl.: August 28, 2009<br>    Expert Discovery: October 16, 2009<br><br>Motion Deadlines:<br>    Non-Dispositive: October 30, 2009<br>    Dispositive: November 30, 2009<br><br>Pre-Trial Conference:<br>    March 4, 2010 at 9:30 a.m.<br>    Courtroom 10 (GSA), 6th Floor<br><br>Trial: May 10, 2010 at 9:00 a.m.<br>    Courtroom 10 (GSA), 6th Floor<br>    5 Day Jury Trial<br><br>Settlement Conference:<br>    June 23, 2009 at 10:00 a.m.<br>    Courtroom *9 (DLB), 6th Floor |

1

I.        **Date of Scheduling Conference**

          February 12, 2009.

II.       **Appearances of Counsel**

          Eric P. Oren personally appeared on behalf of Plaintiff Michael Lambert.

          Daniel J. Cravens personally appeared on behalf of Defendant Con-Way Freight, Inc.

III.      **The Pleadings**

1.        **Summary of Factual and Legal Contentions**

          A.    **Plaintiff's Factual and Legal Contentions**

          This case alleges disability discrimination, and age discrimination, violation of Government Code sections 1290(a), 12941 (Discrimination based on Age). It is further contended that defendant violated Government Code 12940(n) by failing to engage in the good-faith interactive process. Wrongful termination in violation of public policy is also alleged.

          Plaintiff, born December 5, 1956, was employed for Defendant Con-Way Freight, Inc., beginning in approximately 1990. Plaintiff's job involved driving a tractor-trailer rig and delivering freight. Plaintiff's job involved heavy lifting. Plaintiff suffered injuries to his low back in the course and scope of his employment for Defendant on or about July 22, 2004. Plaintiff filed a workers compensation claim as a result of his injuries on or about March 31, 2005. Plaintiff was on temporary total disability beginning approximately July 27, 2004. Plaintiff ultimately had surgery on his back on June 23, 2006, and greatly improved thereafter.

          Defendant was kept appraised of Plaintiff's condition and was notified of Plaintiff's improvement and his ability to return to his regular job for Defendant in an Agreed Medical Evaluation report dated June 18, 2007. Additional medical reports followed, each concluding that Plaintiff could return to his regular job. In October 2007, Plaintiff provided Defendant with a note from his treating doctor, Maciej G. Ossowski, M.D., dated October 22, 2007, indicating that Plaintiff could return to his regular job without restriction. Nevertheless, Defendant,

although aware that Plaintiff was able to return to work, refused to allow Plaintiff to return to his job without any reasonable or lawful explanation from Defendant.

Plaintiff was ultimately forced to look for work elsewhere after working approximately eighteen years for Defendant, and was hired as a truck driver performing similar work at lower pay and benefits than he was earning while employed for Defendant.

### B. Relief Sought by Plaintiff

Plaintiff seeks economic damages: past and future loss of earnings and benefits, including pension and health care; non-economic damages: emotional distress damages caused by Defendant's wrongful conduct; attorney's fees; and expert witness fees.

### C. Defendant's Factual and Legal Contentions

Defendant denies all liability as to each claim alleged in Plaintiff's complaint. Furthermore, Defendant denies that Plaintiff suffered any adverse employment action as a result of disability, age, or other discrimination, and denies that Plaintiff was wrongfully terminated in violation of public policy.  Defendant has failed an answer alleging specific affirmative defenses.

### 2. Plaintiff's Uncontested Facts

Plaintiff's date of birth is December 5, 1956.  Plaintiff was hired by Defendant in 1990. Plaintiff was employed as a Driver Sales Representative.  Plaintiff allegedly suffered an injury to his back in the course and scope of employment on July 22, 2004.  Plaintiff filed a workers compensation claim arising out of the work injury.  Plaintiff was 50 years old when his employment with Defendant was terminated.

### 3. Defendant's Uncontested Facts

Plaintiff was hired by Defendant on or about November 11, 1991, as a Driver Sales Representative.  In this position, Plaintiff was required to load, unload and transport freight (including heavy, bulky and cumbersome items) from various pick-up and delivery sites.  His duties also included hooking and unhooking trailers, and installing and removing tire chains weighing up to seventy-five pounds.

**4.     Plaintiff's Contested Facts**

A.    Plaintiff was a truck driver and sales representative for Defendant, commencing his employment in or about 1990.

B.    Plaintiff suffered an injury to his back in the course and scope of his employment for Defendant on or about July 22, 2004, and thereafter filed a workers compensation claim against Defendant on or about March 31, 2005.

C.    Plaintiff's back injury healed, and as of approximately May 3, 2007 (the date he was examined by an Agreed Medical Examiner in the workers compensation case), he was physically able to return to his job for Defendant, with or without reasonable accommodation.

D.    Defendant was kept appraised of opinions reached in various medical reports by doctors that examined Plaintiff relating to Plaintiff's ability to return to his job for Defendant.

E.    Defendant was informed of Plaintiff's physical condition in medical reports issued in Plaintiff's workers compensation case in June and December 2007, as well as in a note provided to Defendant by Plaintiff's treating physician dated October 22, 2007, that Plaintiff was physically able to return to work with or without reasonable accommodation.

F.    Plaintiff requested that Defendant allow him to return to work.

G.    Defendant refused to allow Plaintiff to return to work and effectively terminated Plaintiff's employment.

H.    Defendant failed to engage Plaintiff in the good faith interactive process for reasonable accommodation of real or perceived disability.

I.    Plaintiff was effectively terminated by Defendant because of his age and/or disability or perceived disability.

J.    Plaintiff was fifty years old when his employment for Defendant was terminated.

4

   K. Plaintiff was forced, as a result of Defendant's conduct, to find employment elsewhere.

   L. Plaintiff has suffered past and future loss of earnings, loss of benefits, and emotional distress, attorney's fees and costs.

**5. Defendant's Contested Facts**

   A. Defendant contests that Plaintiff suffered an injury to his back in the course and scope of his employment on July 22, 2004.

   B. Defendant contests that Plaintiff filed a workers' compensation claim arising out of his work injury of July 22, 2004, which was accepted (not disputed) by Defendant.

   C. Defendant contests that, in the course of Plaintiff's workers' compensation claim, it was kept apprised of Plaintiff's physical condition and his ability and/or inability to perform his job duties for Defendant.

   D. Defendant contends that, in the course of Defendant's workers' compensation claim, Defendant received copies fo all medical reports prepared by Plaintiff's treating physicians as well as copies of all reports issued by Agreed Medical Examiners.

   E. Defendant contests that Plaintiff had back surgery on June 23, 2006, as a result of his work injury.

   F. Defendant contests that it has never offered to allow Plaintiff to return to his job after July 22, 2004, or any alternate position.  Defendant contests that it received a copy of a work release note from Dr. Maciej G. Ossowski, M.D., dated October 22, 2007, which stated that Plaintiff could return to his regular job duties as of November 1, 2007.

   G. Defendant contests that it did not engage in good-faith interactive process with Plaintiff regarding Plaintiff's return to work.

   H. Defendant contests that Plaintiff exhausted all administrative remedies and filed a complaint with the DFEH on August 14, 2008.

I. Defendant contests that Plaintiff mitigated his damages caused by Defendant by finding other employment.

**6.   Plaintiff's Undisputed Legal Issues**

Jurisdiction and Venue.  California law applies to the substantive claims.  Plaintiff has exhausted administrative remedies.

**7.   Defendant's Undisputed Legal Issues**

Jurisdiction and venue are not disputed.  California law applies to the substantive claims under California Government Code section 12940.

**IV.   Consent to the Magistrate Judge**

The parties have consented in writing to conduct all further proceedings in this case, including trial, before the Honorable Gary S. Austin, U.S. Magistrate Judge.  (28 U.S.C. § 636 (c)  .)

**V.   Discovery Plan and Cut-Off Date**

The parties agreed to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26 on or before **February 27, 2009**.  The parties are ordered to complete all discovery pertaining to non-experts on or before **July 1, 2009**.

The parties are directed to disclose all expert witnesses, in writing, on or before **August 14, 2009**.  The parties shall also disclose all supplemental experts on or before **August 28, 2009**.  The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2)(A) and (B) and shall include all information required thereunder**.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The parties are directed to complete all expert discovery on or before **October 16, 2009**.  The provisions of Fed. R. Civ. P. 26 (b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions,

which may include striking expert designation and preclusion of expert testimony.

### VI. Pre-Trial Motion Schedule

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than **October 30, 2009.** Non-dispositive motions are heard on Fridays at 9:30 a.m., before the Honorable Gary S. Austin, United States Magistrate Judge in Courtroom 10. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d). However, if a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one party requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than **November 30, 2009**, and heard in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge. In scheduling such motions, the parties shall comply with **Local Rules 78-230 and 56-260**.

### VII. Pre-Trial Conference Date

The pre-trial conference will be held on **March 4, 2010**, **at 9:30 a.m.** in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge. The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[1] format, directly to Judge Austin's chambers by email at gsaorders@caed.uscourts.gov. The

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

7

parties' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

**VIII.   Trial Date**

The trial will be held on **May 10, 2010, at 9:00 a.m.** in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.

    A.   This is a jury trial.

    B.   Parties' Estimate of Trial Time: 5 days.

The parties' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285.

**IX.   Settlement Conference**

A Settlement Conference is scheduled for **June 23, 2009, at 10:00 a.m.** in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.  Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to Judge Beck's chambers by e-mail to dlborders@caed.uscourts.gov, a Confidential Settlement Conference Statement.  The statement **should not be filed** with the Clerk of the Court **nor served on any other party,** although the parties may file a Notice of

---

Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

Lodging of Settlement Conference Statement  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.

        The Confidential Settlement Conference Statement shall include the following:

        A.  A brief statement of the facts of the case.

        B.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        C.  A summary of the proceedings to date.

        D.  An estimate of the cost and time to be expended for further discovery, pretrial and trial.

        E.  The relief sought.

        F.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

        Should the parties desire a settlement conference, they will jointly request one of the court, and one will be arranged.  In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

**X.**    **Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

        The parties have not requested bifurcation.  Defendant reserves the right to bifurcate the issues of liability and punitive damages.

**XI.**    **Related Matters Pending**

        There are no related matters currently pending.

**XII.   Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XIII.   Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **February 19, 2009**         /s/ **Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE